IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN E. BERGER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. 02-CV-3677 |
| | : |
| PAUL H. O'NEILL, SECRETARY, | : |
| DEPARTMENT OF TREASURY, | : |
| | : |
| Defendant. | : |

## **ORDER**

AND NOW on this _____ day of _____, 2002, upon consideration of the United States' Motion to Dismiss or, in the alternative, for Summary Judgment and all responses thereto, it is hereby ORDERED that the United States' Motion is GRANTED and summary judgment is entered in favor of the United States for the reasons set forth in the United States' memorandum of law and incorporated herein by reference.

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN E. BERGER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. 02-CV-3677 |
| | : |
| PAUL H. O'NEILL, SECRETARY, | : |
| DEPARTMENT OF TREASURY, | : |
| | : |
| Defendant. | : |

## **ORDER**

AND NOW on this _____ day of _____, 2002, upon consideration of the United States' Motion to Dismiss or, in the alternative, for Summary Judgment and all responses thereto, it is hereby ORDERED that the United States' Motion is GRANTED and the Complaint is dismissed with prejudice for the reasons set forth in the United States' memorandum of law and incorporated herein by reference.

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELEN E. BERGER, | : | |
| Plaintiff, | : | |
| v. | : | C.A. 02-CV-3677 |
| PAUL H. O'NEILL, SECRETARY, DEPARTMENT OF TREASURY, | : | |
| Defendant. | : | |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant Paul H. O'Neill, Secretary, United States Department of Treasury (the "United States"), respectfully requests the Court to dismiss the complaint of plaintiff Helen E. Berger for under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim on alternative grounds: (1) plaintiff did not timely file her complaint with the district court, and (2) plaintiff did not allege a "tangible employment action" by the United States as required by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998).

Should the Court consider materials outside the pleadings in this case, the United States requests the Court to enter judgment in its favor under Rule 56(b), Fed. R. Civ. P.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division


_____
BARBARA ROWLAND
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8311 Telephone
(215) 861-8349 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN E. BERGER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. 02-CV-3677 |
| | : |
| PAUL H. O'NEILL, SECRETARY, | : |
| DEPARTMENT OF TREASURY, | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant Paul H. O'Neill, Secretary, United States Department of Treasury (the "United States"), moves to dismiss with prejudice the complaint of plaintiff Helen E. Berger under Rule 12(b)(6), Fed. R. Civ. P. The complaint should be dismissed for failure to state a claim under alternative bases: (1) plaintiff did not bring this action in a timely manner; and (2) plaintiff did not allege a "tangible employment action" by the United States as required by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998). Should this Court consider materials outside of the pleadings, the United States seeks judgment in its favor under Rule 56(b), Fed. R. Civ. P.

**STATEMENT OF FACTS**

On September 9, 2002, plaintiff filed *pro se* a complaint with the district court. See generally Complaint ("Compl."). Plaintiff, a retired employee of the Department of Treasury Internal Revenue Service ("IRS") alleges that she was discriminated against by her supervisor, Michael McGinty, and three unnamed others. Compl. ¶ 3. Plaintiff is African-American. Plaintiff complains that she was "verbally and mentally abused" due to race and that other employees were treated differently. Id. She claims that she became ill and forced to retire earlier

than she had planned.  Id.  Plaintiff seeks relief in the amount she would have been paid had she retired at age 65.  Compl. ¶ 4.

Plaintiff's district court action is an appeal of a complaint she had brought to the Equal Employment Opportunity ("EEO") office of the Treasury Department.  Plaintiff submitted a complaint of discrimination regarding alleged conduct of Mr. McGinty and others to the Treasury Department EEO office on December 8, 1999.  See Individual Complaint of Employment Discrimination With the Department of Treasury by Helen E. Berger, Treasury Department ("TD") Case No. 00-3055, filed 12/8/99, attached as Exhibit ("Ex.") 1.  That complaint was construed to allege discrimination on the basis of race (African-American), age (plaintiff was born in 1935), and religion (non-Catholic).[1]  See Jan. 24, 2000 Letter of Dorian M. Morley, Director, Department of Treasury Regional Complaint Center, to Helen E. Berger re TD Case No. 00-3055, attached as Ex. 2.

Plaintiff, a secretary in the IRS Examination Division Branch in Jenkintown, Pennsylvania, complained in her EEO action that she was discriminated against because she was assigned a workload, which rotated among secretaries, that was heavier than one secretary could handle without assistance.  See Ex. 1.  She also alleges that she was denied approval to work overtime and that she was not given assistance with her workload.  See Ex. 1.  She further claims

---

[1] Any allegation by plaintiff that she was discriminated against prior to July 26, 1999, was deemed untimely by the EEO office.  Under EEO regulations, plaintiff was required to report discrimination within 45 days of its occurrence.  Plaintiff's first contact with an EEO counselor was on September 9, 1999, and therefore her complaint cannot relate back to conduct preceding July 26, 1999.  See May 30, 2000 Letter of Dorian M. Morley, Director, Department of Treasury Regional Complaint Center, to Helen E. Berger re TD Case No. 00-3055, attached as Ex. 3.

that other secretaries, who were white, were given assistance when they complained about their workloads.  See Ex. 1.

Plaintiff's EEO complaint was amended on May 31, 2000 to add a retaliation claim for being given a counseling memorandum during the time plaintiff was involved in the EEO process.  See May 31, 2000 Letter of Dorian M. Morley, Director, Department of Treasury Regional Complaint Center, to Helen E. Berger re TD Case No. 00-3055, attached as Ex. 4. Plaintiff received a counseling memorandum for insubordination in early 2000 from a new supervisor in her area.  See Mar. 3, 2000 Affidavit of Helen E. Berger, page 3 of 4, lines 67-77, attached as Ex. 5.  Plaintiff admits that she crumbled up the counseling memorandum and threw it at the supervisor and that she then received an additional counseling memorandum.  Id.

Plaintiff's claims were considered by an Administrative Judge who concluded that plaintiff had not made a *prima facie* showing of discrimination on the basis of race, age or religion.[2]  See Sept. 6, 2001 Order of Judgment and Decision, EEOC Hearing No. 170-A1-8505X, Agency Case No. 00-3055, attached as Ex. 6.  Furthermore, the Administrative Judge concluded that plaintiff had not shown a causal connection between her EEO activity and receiving a counseling memorandum, particularly when she admits that she crumbled up one counseling memorandum and threw it at her supervisor.  Id.

On September 20, 2001, the Treasury Department EEO office entered the Administrative Judge's decision as a Final Order.  See Sept. 20, 2001 Letter of Marcia H. Coates, Director,

---

[2] Prior administrative findings made with respect to an employment discrimination claim may be admitted as evidence at a federal-sector trial *de novo*.  Chandler v. Roudebush, 425 U.S. 840, 863 n. 39 (1976). Such findings are public records and reports and, therefore, an exception to the hearsay rule under Rule 803(8)(C), Fed. R. Evid.

Office of Equal Opportunity Program, to Helen E. Berger, attached as Ex. 7.  On March 12, 2002, the EEOC Office of Federal Operations, which reviews appeals of final orders, affirmed the Final Order of the Treasury Department because the Administrative Judge had properly issued a decision without a hearing and a preponderance of the evidence in the record did not establish that discrimination had occurred.  See Mar. 12, 2002 Decision of the U.S. Equal Employment Opportunity Commission Office of Federal Operations, Appeal No. 01A20478, Agency No. TD-00-3055, Hearing No. 170-A0-8505X, attached as Ex. 8.

## STANDARD OF REVIEW

In ruling on a motion under Rule 12(b)(6), the Court must assume all well pleaded facts to be true for purposes of the motion to dismiss only.  Conley v. Gibson, 355 U.S. 41 (1957); City of Philadelphia v. Lead Industries Ass'n Inc., 994 F.2d 112 (3d Cir. 1993); Schrob v. Catterson, 948 F.2d 1402 (3d Cir. 1991).  Courts have routinely held, however, that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 James W. Moore et al., Moore's Federal Practice, § 12.34[1][b] (3d ed. 1999) (quoting Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993)).

To the extent the Court does not look beyond the pleadings or public records, this motion may be decided under Rule 12(b)(6).  Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  To the extent the court looks beyond the pleadings and public records, this motion may be considered as a motion for summary judgment under Rule 56(b), Fed. R. Civ. P.  See generally Rule 12(b), Fed. R. Civ. P.

Should this motion be considered as a summary judgment motion, the Court shall construe facts and inferences in a light most favorable to the non-moving party and grant summary judgment only where the moving party has shown that there is no genuine issue of material fact. Galvis v. HGO Services, 49 F. Supp. 2d 445, 447 (E.D. Pa. 1999). Once the moving party meets its burden, the non-moving party must provide specific facts that show there is a genuine issue of material fact for trial, not raise some metaphysical doubt as to the material facts. Id.

## ARGUMENT

### I.  THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF FAILED TO TIMELY FILE HER DISTRICT COURT ACTION

The Court must dismiss plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted because plaintiff failed to exhaust her administrative remedies in a timely manner. Plaintiff did not bring this district court action within 90 days of receiving notice that the EEOC affirmed the Treasury Department's Final Order. Furthermore, plaintiff has alleged no conduct that would invoke the equitable tolling doctrine excusing her from the EEO administrative exhaustion requirements.

The case law in this circuit is well-settled that plaintiffs must exhaust all required EEO administrative remedies before seeking judicial relief. Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997);[3] Washington v. Department of Veterans Affairs, No. CIV.A. 98-606, 1998 WL 754464 *2 (E.D. Pa. Oct. 28, 1998) ("It is well settled that exhaustion of administrative

---

[3] Whether all administrative remedies have been exhausted is a question more in the "nature of statutes of limitation. They do not affect the district court's subject matter jurisdiction." Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997). Accordingly, defendant brings this motion under Rule 12(b)(6), Fed. R. Civ. P., and not Rule 12(b)(1), Fed. R. Civ. P.

remedies is a prerequisite to filing a Title VII action in federal court"). Similarly, EEO regulations require dismissal of formal complaints that do not comply with applicable time limits. See 29 C.F.R. § 1614.107(a)(2).

Plaintiff was required to file her district court action within 90 days of the EEOC decision affirming the agency final decision. See 29 C.F.R. §1614.407(c) ("A complainant who has filed an individual complaint . . . is authorized under title VII . . . to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the Commission's final decision on an appeal"). According to the Certificate of Mailing for the Commission's final decision, for timeliness purposes, plaintiff is assumed to have received a copy of the Commission's final decision within five days after it was mailed. See Ex. 8. The Certificate of Mailing reflects that the Commission's final decision was mailed on March 12, 2002. Id. Thus, plaintiff is considered for timeliness purposes to have received the decision by March 17, 2002.

Plaintiff did not timely initiate her district court action because she did not file the complaint until September 9, 2002, which is **176 days** after she is assumed to have received the EEOC's final decision on March 17, 2002. For that reason, EEO regulations and the prevailing case law in this circuit require dismissal with prejudice of this action.

EEO regulations provide that the 90-day filing period can be equitably tolled. 29 C.F.R. § 1614.604(c). The United States Court of Appeals for the Third Circuit has narrowly defined the equitable tolling exception to the exhaustion requirement. The time limitations of Title VII may be tolled only under three circumstances: (1) where the defendant has actively mislead the plaintiff respecting her cause of action; (2) plaintiff has been prevented in an extraordinary way from filing; and (3) plaintiff mistakenly asserted her rights in the wrong forum. Oshiver v.

Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  Plaintiff has alleged no equitable grounds for tolling the 90-day period and, accordingly, this Court should dismiss her entire complaint with prejudice.

## II. PLAINTIFF'S RACE DISCRIMINATION CLAIM MUST BE DISMISSED BECAUSE SHE HAS NOT ALLEGED A "TANGIBLE EMPLOYMENT ACTION"

Plaintiff's race discrimination claim must be dismissed because her assignment to secretarial duties with a heavier workload than her previous position is not, viewing the allegations in a light most favorable to plaintiff, a "tangible employment action" as required by the Supreme Court.  Plaintiff admits in an affidavit that she was asked to advise her manager when she needed assistance but she did not do so because she thought his offer was unrealistic.

The Supreme Court has ruled that "[a] tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).  The United States Court of Appeals for the Third Circuit, in defining a tangible employment action, looked first to the "direct economic harm" to the plaintiff and also considered any substantial decreases in plaintiff's earning potential and significant disruptions in his or her working conditions.  Durham Life Ins. Co. v. Evans, 166 F.3d 139, 153 (3d Cir. 1999).

In her initial EEO complaint,[4] plaintiff alleges that the secretary to the IRS District Director's Representative ("DDR") changed whenever the DDR changed and that the secretary's

---

[4] To discuss this issue, the United States looks to plaintiff's allegations of discrimination contained in her administrative complaint (Ex. 1) and subsequent affidavit (Ex. 5) because her allegation of race discrimination in her district court complaint contains no details.

-7-

position involved additional responsibilities and a greater workload than a typical secretary position.  See Ex. 1.  At some point in time before her EEO complaint, plaintiff assisted a white secretary who was the DDR's secretary with the additional workload.  See Ex. 1.  When plaintiff became the DDR's secretary, she alleges that she could not handle the workload and was not given any assistance or permitted to work overtime.  See Ex. 1.  Plaintiff does not allege that she was not given the opportunity to be the DDR's secretary or that her salary or benefits were affected.

      Plaintiff describes her workload as the DDR's secretary in the following manner:

> The reason my job became so stressful is because it entailed ordering supplies for all fax machines, copiers, and anything else need [sic] for the Post of Duty.  Assisting with DDR business during his absence, as well as performing my regular duties.  Acting as receptionist for the POD i.e. reporting and placing request to building services for maintenance issues.

Ex. 1.

      Plaintiff was, however, offered assistance that she refused.  In her affidavit in support of her administrative retaliation claim, plaintiff states that in a March 8, 1999 meeting with her manager to discuss her workload, her manager told her "to refer excess work to him when she became overwhelmed."  Ex. 5, page 2 of 4, lines 30-32.  Plaintiff states that she viewed her manager's offer to be "unrealistic" for a variety of reasons.  Ex. 5, page 2 of 4, lines 33-41.  She does not state that she was ever denied any assistance that she asked for after her manager's offer.  See Ex. 5.

      With respect to plaintiff's argument that she was discriminated against by not being given overtime, plaintiff cannot show she suffered a disparate impact because she has not identified any

other secretary who was white and who received overtime. In fact, plaintiff concedes that no other secretary received overtime. Ex. 5, page 2 of 4, line 41.

Plaintiff's race discrimination claim fails because she admits that she did not avail herself to the offer of assistance made by her manager on March 9, 1999, and that overtime was not given to secretaries. Only if she had availed herself of her manager's offer of assistance and been denied any assistance could plaintiff seriously contend that as secretary to the DDR she was given significantly different responsibilities and, therefore, a tangible employment action was taken against her. Similarly, only if plaintiff had identified white secretaries who received overtime to perform the DDR secretary duties could plaintiff show that she had significantly different responsibilities. Since plaintiff did not seek assistance when it was offered nor identify any white secretaries who received overtime, she, by her own admission in her sworn affidavit (Ex. 5), cannot make a *prima facie* showing of race discrimination. For this reason, the complaint should be dismissed with prejudice.

### III. PLAINTIFF HAS ALLEGED NO COGNIZABLE CLAIMS OTHER THAN RACE DISCRIMINATION

Plaintiff's complaint contains only a brief description of her cause of action. She alleges that she was discriminated against by Mr. McGinty and three unnamed others; she claims that she was mentally and verbally abused due to race;[5] that other employees were treated differently; and that she was forced to retire. See generally Compl. The United States reads plaintiff's complaint

---

[5] Plaintiff's complaint contains no specific claims of "mental or verbal abuse" other than those described in this memorandum. In the administrative record, plaintiff's recitation of the allegations underlying her EEO action do not under any stretch of the imagination constitute mental or verbal abuse. Should plaintiff be attempting to assert a hostile work environment claim, her claim must be dismissed because (1) she did not exhaust her administrative remedies by raising that claim at the EEO level (see Exs. 1, 2, and 5), and (2) her allegations do not satisfy the threshold standard set out in Bonenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir. 1997).

as containing a race discrimination claim and possibly a constructive discharge claim.  To the extent that plaintiff has alleged that she was constructively discharged, her claim must be dismissed with prejudice because she did not bring raise constructive discharge in her EEO action.

Title VII require claimants to exhaust administrative remedies and procedures prior to bringing a civil action in district court.  See 42 U.S.C. § 2000e-5.  To determine whether a newly raised claim can be dismissed for failure to exhaust the administrative remedies, the United States Court of Appeals for the Third Circuit requires a determination as to whether the new claim falls "fairly within the scope of the prior [administrative] complaint, or the investigation arising therefrom."  Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996); see also Robinson v. Dalton, 107 F.3d 1018, 1025 (3d Cir. 1997).  Plaintiff's claim of constructive discharge was not within the scope of the issues raised in the EEO complaint and its amendment (Ex. 1 and Ex. 5), nor was it addressed by the subsequent EEO decisions regarding that complaint (Exs. 6, 7, and 8).  Accordingly, if the Court deems her complaint to contain a constructive discharge claim, that claim must be dismissed with prejudice because plaintiff did not exhaust her administrative remedies.

Conversely, plaintiff's EEO complaint was construed to contain allegations of discrimination of the basis of age and religion and a retaliation claim (see Exs. 1, 2 and 5), and plaintiff did not include those claims in her district court complaint.  Therefore, those claims are not at issue in this action and, even if plaintiff attempted to include them in response to this motion, those claims would be untimely.

IV.     **CONCLUSION**

For the reasons set forth in the Motion to Dismiss or, in the Alternative, for Summary Judgment and this Memorandum, plaintiff has failed to exhaust her administrative remedies in a timely manner and she has failed to allege conduct that would establish a *prima facie* case of race discrimination.

The United States respectfully requests the Court to dismiss with prejudice plaintiff's complaint for failure to state a claim upon which relief may be granted or, in the alternative, to grant summary judgment in favor of the United States.

    Respectfully submitted,

    PATRICK L. MEEHAN
    United States Attorney

    _____
    James G. Sheehan
    Assistant United States Attorney
    Chief, Civil Division

    _____
    Barbara Rowland
    Assistant United States Attorney
    615 Chestnut Street, Suite 1250
    Philadelphia PA 19106-4476
    (215) 861-8311 Telephone
    (215) 861-8349 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of November 2002, I caused a true and correct copy of the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment and accompanying Memorandum to be served by first-class United States mail, postage prepaid, upon the following:

> Helen E. Berger
> 2111 W. Cheltenham Ave., Apt. B
> Elkins Park, PA 19027

_____
Barbara Rowland