IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN E. BERGER,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL H. O'NEIL, SECRETARY,<br>DEPARTMENT OF TREASURY<br>        Defendant. | Civil Action No. 02-3677 |

**MEMORANDUM/ORDER**

August ___, 2003

    Plaintiff Helen E. Berger, a former secretarial employee of the Internal Revenue Service (IRS), filed a complaint in this court on September 9, 2002, against defendant Paul H. O'Neil, the then Secretary of the Treasury, alleging that an IRS supervisor, Michael McGinty, and three other unnamed IRS supervisors discriminated against her by giving her an inordinate workload. Plaintiff claims that Mr. McGinty and the other supervisors discriminated against her because she is African-American, older, and non-Catholic, and, later, retaliated against her for filing a grievance with the Equal Employment Opportunity (EEO) office of the Treasury Department. Plaintiff seeks monetary relief for being forced to retire early, before age 65, due to the alleged

-1-

mental and verbal abuse heaped upon her by her supervisors. Defendant filed a "Motion to Dismiss, or in the alternative, for Summary Judgment" on November 25, 2002. Plaintiff has not filed any response to defendant's motion. For the reasons described below, defendant's motion to dismiss will be granted.

Plaintiffs first filed a discrimination grievance with the EEO office of the Treasury Department on December 8, 1999. On May 31, 2000, while still involved in the EEO process, plaintiff amended her complaint to add a retaliation claim after a supervisor gave her a counseling memorandum for insubordination, which plaintiff crumpled and dropped in front of the supervisor.

On September 6, 2001, an Administrative Judge concluded that plaintiffs had not made a *prima facie* showing of race, age, or religious discrimination or retaliation. On September 20, 2001, the EEO entered the Administrative Judge's decision as a final order. Plaintiff appealed to the Equal Employment Opportunity Commission (EEOC) Office of Federal Operations, which affirmed the Administrative Judge's decision on March 12, 2002. In this decision, mailed to plaintiff on the same day, the EEOC stated that plaintiff had the right to file a civil action in United States District Court within 90 days of receiving its decision, a receipt date which the EEOC in its decision stated it would expect to be March 17, 2002, five days later. Def't's Mot. to Dismiss, or in the Alternative, Summ. J., Ex. 8, EEOC Decision, Mar. 12, 2002, at 2-3; *see also* 29 C.F.R. § 1614.407 (c) (title VII complainant may file a civil action in federal district court "within 90 days of receipt of the Commission's final decision on an appeal."). The EEOC also stated that, if plaintiff chose to file a request for the appointment of counsel or a waiver of fees, "[f]iling a request does not extend your time in which to file a civil action. Both the request and

the civil action must be filed within the [90-day] time limit[]. . . ." Deft's Mot. to Dismiss, or in the Alternative, Summ. J., Ex. 8, EEOC Decision, Mar. 12, 2002, at 2.

Plaintiff filed a motion requesting leave to proceed *in forma pauperis* on June 10, 2002, which this court denied on August 16, 2002. On September 9, 2002, plaintiff filed her complaint against defendant and accompanied the filing with the requisite $150.00 filing fee. Because plaintiff filed the complaint 176 days after March 17, 2002, the date on which she was presumed to have received the EEOC's final decision, plaintiff's complaint was untimely. Since plaintiff, having not responded to the motion to dismiss, has not presented any ground for equitable tolling of the 90-day period, plaintiff's claim is time-barred.

Accordingly, it is hereby ORDERED that defendant's motion to dismiss plaintiff's complaint with prejudice (docket #6) is hereby GRANTED for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P.12 (b)(6); *Robinson v. Dalton*, 107 F.3d 1018, 1020-22 (3d Cir. 1997).

BY THE COURT:

_____

Pollak, J.